IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| **HERMAN LEWIS,** | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 4:03-cv-95(HL) |
| | : | |
| **CB&T, INC.** | : | |
| | : | |
| Defendant. | : | |
| _____ | | |

# **ORDER**

This matter is before the Court on Motion for Reconsideration of Defendant CB&T, Inc. [doc 34]. After consideration of the briefs of the parties, the Court hereby grants the Motion for the reasons set forth below.

Plaintiff, Herman Lewis, filed suit under 42 U.S.C. § 1981 alleging he had been passed over for promotions because of his race. Defendant, CB&T, filed a Motion for Summary Judgment, which the Court denied, in part. The Court determined that Plaintiff's claims concerning promotions that were given to Gusty Walker, Sharon McRae, and Alex Boswell should be allowed to go forward. Thereafter, Defendant filed the Motion for Reconsideration at issue here. In the Motion for Reconsideration, Defendant maintains the Court erred in denying summary judgment because Plaintiff failed to discredit **each** of the reasons CB&T gave for not promoting him.

The evidence in this case establishes that each year senior management for CB&T would meet to evaluate and rank all company officers, including assistant branch managers such as

Lewis. The factors that senior management considered in setting the ranking for each officer include the factors Defendant contends the Court failed to consider when doing its pretext analysis. For example, Defendant recites these reasons for why Plaintiff was not promoted: he exercised poor financial judgment in a credit card transaction; he had performance issues; and CB&T received customer complaints about him. (Def.'s Mem. Law Support Mot. Reconsideration at 2.) Senior management took these factors into consideration when setting Lewis's rank. *See, e.g.,* Grantham Dep. at 26-27 (credit card incident) and 30 (performance issues and customer service complaints). Management then relied on the rankings to determine who was eligible for promotion. *See, e.g.,* Grantham Aff. ¶ 13 ("As a '3,' Mr. Lewis was not eligible for promotion to Branch Manager.").

There is significant evidence in the record that establishes that the ranking each member of management received was the factor that determined whether that person was promoted. The reason for its significance is clear: all of the factors that would be considered in making promotion decisions were encapsulated in a single number, thereby simplifying the promotion process. Nevertheless, in moving for reconsideration, Defendant maintains that Lewis was obliged to refute not only his "3" ranking as a legitimate basis for its decision not to promote Lewis, but also maintains that Lewis was obliged to refute each of the factors that went into the ranking as an independent basis for its decision not to promote Lewis.

Plaintiff, on the other hand, maintains that the only reason articulated by Defendant for not promoting him was his "3" ranking. He contends, therefore, that because the only reason given by Defendant for its decision was the "3" ranking, Plaintiff need not refute the other

2

reasons given by Defendant in its Motion for Reconsideration. Plaintiff's position is not unreasonable. After all, the various factors now relied on by Defendant were subsumed by the ranking system used by Defendant to make its promotion decisions. Nevertheless, the Court is of the opinion that Defendant is correct.

Defendant has directed the Court to decisions in which the United States Court of Appeals for the Eleventh Circuit has stated that a plaintiff must establish that each of a defendant's stated reasons for its employment decision was pretextual in order to avoid summary judgment. *See, e.g.,* Cooper v. Southern Co., 390 F.3d 695, 730 (11th Cir. 2004) (citing Chapman v. AI Transp., 229 F.3d 1012, 1024-25 (11th Cir. 2000) (en banc)). In Cooper, the Eleventh Circuit held that even where the plaintiff had succeeded in discrediting one of the reasons offered by the defendant for its employment decision, that was not sufficient to establish pretext. The court added, "[T]o do so, [plaintiff] would have to establish that *each* of [defendant's] reasons was pretextual." Cooper, 390 F.3d at 730 (citing Chapman, 229 F.3d at 1024-25).

Thus, here, as in Cooper, Plaintiff has discredited Defendant's assertion that it did not promote persons with "3" rankings by showing that Charles McDaniel, who was also ranked a "3," was promoted during the period when Plaintiff believed he was eligible for promotions. However, because other factors contributed to the "3" ranking for Plaintiff, it would be erroneous for the Court to refuse to also consider those factors in deciding whether Defendant has produced a nondiscriminatory reason for its decision to promote others over Plaintiff and, consistent therewith, it would also be erroneous to refuse to consider whether Plaintiff has

demonstrated that each of these reasons was pretextual.

Moreover, in considering the reasons given by Defendant, the Court finds Plaintiff has failed to establish that each of Defendant's stated reasons for its employment decisions was pretextual.  It is true, as Plaintiff notes, that there is evidence in the record showing that as to each of the three promotions at issue, management officials did not consider Plaintiff because of his ranking.  *See* Norris dep. at 26-27 (Sharon McRea promotion); Norris dep. at 31 (Alex Boswell promotion); and Grantham Aff. ¶ 13 (McRea, Boswell, and Gusty Walker promotions). However, other factors also played a role in the promotion decisions.  For example, management officials also selected Sharon McRae over Plaintiff because she provided better customer service, made better lending decisions, and showed better leadership qualities. (Norris Dep. at 27.)  Plaintiff has failed to establish that these reasons were pretext for discrimination.

As to the promotion of Gusty Walker in June of 2001, he was selected because he was ranked as either a "1" or a "2" and had a better charge-off percentage during the relevant time period.  (Grantham Aff. ¶ 13.)  Furthermore, the evidence shows that during the period when Plaintiff claims he should have gotten the promotion that went to Walker, Plaintiff was on probation as a result of his actions in improperly increasing the credit limit of another employee and was not eligible for a promotion.  (Grantham Aff. ¶ 12 & Ex. F.)  As with the decision to promote Sharon McRae, Plaintiff has failed to establish that these reasons were pretext for discrimination.

Finally, as to the promotion of Alex Boswell on July 1, 2002, the evidence shows that Boswell was ranked higher than Plaintiff and had a better charge-off history.  (Grantham Aff.

¶ 13 & Ex. T & U.) Plaintiff has shown that other employees were sometimes ranked higher than a "3" even when they had poor charge-off histories, however, Boswell was not one of those employees. During the relevant period immediately prior to the promotion, Boswell had a better charge-off record than Plaintiff. Thus, evidence showing that other employees with poor charge-off records were sometimes ranked higher than "3" is not sufficient to rebut the specific reason given by Defendant for choosing Boswell over Plaintiff in 2002, that is, that he had the better charge-off record immediately prior to July of 2002.

The Eleventh Circuit has repeatedly cautioned courts against second-guessing the business decisions of employers. *See, e.g.,* Alexander v. Fulton County, Ga., 207 F.3d 1303, 1341 (11th Cir.2000) ("[I]t is not the court's role to second-guess the wisdom of an employer's decisions as long as the decisions are not racially motivated."). Bearing in mind the Eleventh Circuit's directives, the Court finds that CB&T's proffered reasons clearly meet the test of being reasons "that might motivate a reasonable employer." Chapman, 229 F.3d at 1030-31.

Plaintiff has failed to proffer sufficient evidence to create a genuine issue of material fact regarding whether **each** of Defendant's articulated reasons is pretextual. As a result, the Motion for Reconsideration is granted; CB&T is entitled to summary judgment as to each of Plaintiff's remaining claims. Let judgment be entered accordingly.

**SO ORDERED**, this the 31st day of March, 2006.

                                               **s/   Hugh Lawson**
                                               **HUGH LAWSON, JUDGE**

mls